UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BETTY A. CHEEKS,

        Petitioner,

   v.

PEOPLE,

        Respondent.

No. C 07-6291 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Betty A. Cheeks, an inmate at the California Institute for Women / Malibu Conservation Camp, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Her petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Her in forma pauperis application also is before the court.

## BACKGROUND

Cheeks states in her petition that she pled nolo contendere and was convicted in the Ukiah Municipal Court of uttering a check with insufficient funds, see Cal. Penal Code § 476a, and obtaining public aid unlawfully, see Cal. Welf. & Inst. Code § 10980. She states that she was sentenced to a term of 10 years, 4 months on May 16, 2005. She appealed. Apparently, her conviction was affirmed by the California Court of Appeal and her petition for review was denied by the California Supreme Court. It is unclear whether she also filed state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts one claim: Cheeks claims that her rights to due process and a jury trial were violated when the court imposed an upper term sentence. See Cunningham v. California, 127 S. Ct. 856, 863-64 (2007); Apprendi v. New Jersey, 530 U.S. 466 (2000). Liberally construed, the claim is cognizable in a federal habeas proceeding.

A proper respondent has not been named in the petition. The respondent in a habeas action is "the state officer having custody of the applicant" if the applicant is in custody. Rule 2 of the Rules Governing Section 2254 Cases. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Rule 2, advisory committee's notes. Cf. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Failure to name a petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Cheeks identifies the respondent as "People," but that is not a proper respondent. The warden (or chief executive) of the facility where Cheeks is incarcerated usually is the correct respondent. Cheeks must amend to substitute in the warden of her prison or the chief executive of the conservation camp who has custody of her as the respondent.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 9, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, she must do so by filing a traverse with the court and serving it on respondent on or before **June 13, 2008**.

5. Petitioner's in forma pauperis application is DENIED because she has sufficient funds to pay the $5.00 filing fee. (Docket # 3.) Petitioner must pay the $5.00 filing fee no later than **May 9, 2008**. Failure to pay the filing fee will result in the dismissal of this action.

6. Petitioner must file an amendment to her petition for writ of habeas corpus to name the proper respondent. The document should have the case name and case number used on this order, should be labeled "Amendment To Petition," and need merely state "Petitioner files this amendment to her petition for writ of habeas corpus to substitute [insert name here] as the respondent in this action." In the place indicated, petitioner should provide the name of the warden or chief executive of the facility where she is incarcerated. Petitioner must sign and file the amendment no later than **May 9, 2008**. Failure to file the amendment by the deadline will result in the dismissal of this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED: April 4, 2008

_____
SUSAN ILLSTON
United States District Judge