UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY A. CHEEKS, | No. C 07-6291 SI (pr) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|     v. | |
| DAWN DAVIDSON, Warden, | |
|     Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. As grounds for habeas relief Betty Cheeks alleges that the trial court violated her Sixth Amendment rights as described in Cunningham v. California, 549 U.S. 270 (2007). For the reasons set forth below, the petition is denied.

## BACKGROUND

Cheeks, pursuant to a plea agreement, pleaded guilty to eleven counts of issuing checks with insufficient funds (Cal. Pen. Code § 476a(a)), and one count of welfare fraud (Cal. Welf. & Institutions Code § 10980). The Superior Court of Mendocino County sentenced Cheeks to a total term of ten years and four months. Cheeks appealed. The California Court of Appeal for the First Appellate District affirmed the judgment in two separate opinions.[1] (Ans., Ex. L.) The

---

[1] The first (People v. Cheeks, No. A110209, 2006 WL 1163808 (Cal. Ct. App. May 1, 2006) was pre-Cunningham, the second (People v. Cheeks, No. A110209, 2007 WL 1786257 (Cal. Ct. App. June 21, 2007) post-Cunningham.

California Supreme Court denied Cheeks's petition for review.  (Id., Ex. N.)

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2254.  28 U.S.C. § 1331.  This action is in the proper venue because the challenged conviction occurred in Mendocino County, within this judicial district.  28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c).  State judicial remedies have been exhausted for the claims presented in the petition.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

1  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court 2 arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or 3 if the state court decides a case differently than [the] Court has on a set of materially 4 indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

Cheeks claims that the trial court's imposition of the upper term for the welfare fraud conviction violated her rights to due process and jury trial rights, as described in Cunningham v. California, cited above. (Pet. at 3.) The trial court arrived at Cheeks's sentence of ten years and four months by selecting as the base term the upper three-year term for the welfare fraud conviction, and adding eight-month terms for each of the eleven insufficient funds convictions. The trial court imposed the upper term for the welfare fraud convictions based on the aggravating factors that Cheeks had thirteen prior convictions, had served prior prison terms, was on probation when the present offenses were committed, and had not performed successfully on parole. (Ans., Ex. B, Vol. 3 at 48.) As to mitigating factors, the trial court acknowledged that the case was resolved before trial, and that Cheeks was a drug addict. (Id.)

The state appellate court rejected Cheeks's Cunningham claim, stating that "the several aggravating factors relied upon by the court to impose the upper term clearly fell within the prior

3

1 conviction exception to the Apprendi rule," and therefore "these factors did not need to be
2 supported by jury findings." (Id., Ex. L at 4.)

3 Cunningham, on which Cheeks bases her claim, is the progeny of an earlier Supreme
4 Court case, Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held
5 that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime
6 beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a
7 reasonable doubt." Id. at 490. The "statutory maximum" discussed in Apprendi is the maximum
8 sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted
9 by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge
10 could impose after finding additional facts, but rather the maximum he could impose without any
11 additional findings. Blakely v. Washington, 542 U. S. 296, 303–04 (2004).

12 In Cunningham, the Supreme Court applied the above reasoning to California's
13 determinate sentencing law ("DSL") and found such sentencing scheme violated the Sixth
14 Amendment because the DSL allowed the sentencing court to impose an elevated, or upper,
15 sentence based on aggravating facts that the trial court found by a preponderance of the
16 evidence, rather than facts found by a jury beyond a reasonable doubt. 549 U.S. at 274.
17 According to the Supreme Court, "the middle [prison] term prescribed by California statutes, not
18 the upper term, is the relevant statutory maximum." Cunningham, 549 U.S. at 288 (2007).

19 Applying these legal principles to the instant matter, the court concludes that Cheeks's
20 claim is without merit. Cunningham is inapplicable to Cheeks's claim because the trial court
21 selected the upper term based on the fact of her prior convictions. Apprendi and its progeny
22 specifically have excepted the fact of a prior conviction from its holdings: "[o]ther than the fact
23 of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
24 statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530
25 U.S. at 490. Because Cheeks's sentence is based on the fact of her prior convictions, her
26 sentence is outside Apprendi and Cunningham, and, therefore, her claim fails. The court
27 therefore concludes that the state appellate court's adjudication of the claim did not result in a
28

4

decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts. Accordingly, the petition will be denied.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 21, 2009

_____
SUSAN ILLSTON
United States District Judge